UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN SCHNEIDER,<br>    Plaintiff | : |
| Vs. | :    C.A. NO. |
| REGENCY HEIGHTS OF WINDHAM,<br>LLC, REGENCY HEALTHCARE<br>MANAGEMENT, LLC AND CIENA<br>HEALTHCARE MANAGEMENT, INC.,<br>    Defendants | :<br>:<br>:<br>:<br>:    FEBRUARY 24, 2014 |

## COMPLAINT

**INTRODUCTION**

1. This is an action to redress age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* and the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60 *et seq.*

**JURISDICTION**

2. Jurisdiction is based on the existence of a federal question pursuant to 28 U.S.C. § 1332. Supplemental jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. § 1364. Plaintiff filed his claims with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") and the Equal Employment Opportunity Commission ("EEOC") on February 12, 2013. Plaintiff received a release of jurisdiction from the CHRO on or about January 9, 2014 and a right to sue letter from the EEOC on or about December 16, 2013.

**PARTIES**

3. Plaintiff John Schneider resides at 18 Perry Avenue, Norwich, CT.

4. Defendant Regency Heights of Windham, LLC is a Connecticut Limited Liability Company authorized to do business in the State of Connecticut with its principal place of business located at 595 Valley Street, Willimantic, Connecticut.

5. Defendant Regency Healthcare Management, LLC is a Connecticut Limited Liability Company authorized to do business in the State of Connecticut with its principal place of business located at 4000 Town Center, Suite 700, Southfield, MI.

6. Defendant Ciena Healthcare Management, Inc. is a Michigan corporation with its principal place of business located at 4000 Town Center, Southfield, MI.

7. Defendants, referred to herein as "Ciena." are joint and/or integrated employers based on common ownership, consolidation of financial statements, and employment decisions, including the decision to terminate Plaintiff's employment.

8. Plaintiff is 64 years of age and his date of birth is August 7, 1949.

9. Plaintiff began his employment at the Windham facility on or about May 11, 1998 as the Director of Maintenance. Plaintiff held this position until his termination on November 9, 2012. Throughout this time period, the facility had several owners and was purchased by Ciena on or about September 16, 2009.

10. Throughout plaintiff's employment, he exceeded expectations in his performance and had an excellent attendance record. Plaintiff consistently received positive performance evaluations and wage increases.

11. In July of 2011, the Regional Director of Operations, Jonathan Neagle resigned and in September 2011, Steve Vera became the Regional Director of Operations (approximately 45 years of age).

12. In May 2012, a new facility Administrator was hired, Tom Harris. Mr. Harris was a significantly younger individual at approximately 54-55 years of age.

13. Throughout plaintiff's employment with defendants, he never received any disciplinary actions until the hiring of Mr. Harris.

14. On July 25, 2012, plaintiff was called into Mr. Harris' office and was handed a final written warning for an alleged deficiency in job performance, in violation of the progressive disciplinary process.

15. On November 9, 2012, plaintiff attended a meeting with Mr. Harris and the Director of Nursing. At this time, under the direction of Mr. Vera, plaintiff's employment was terminated without cause.

16. On November 12, 2012, plaintiff was replaced by a substantially younger individual, approximately 40-45 years old.

17. Upon information and belief, defendants have engaged in a pattern and practice of discriminating against employees on the basis of age.

18. Since defendants' acquisition in September 2009, defendants have terminated at least one employee over the age of 50 because of his age.

19. Based on the foregoing, Ciena has discriminated against plaintiff in the terms and conditions of his employment on account of his age in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60 *et. seq.*, ("the CFEPA") when Ciena terminated plaintiff's employment.

20. Ciena acted with reckless indifference to plaintiff's right to be free of age discrimination.

21. As a result of Ciena's violation of the CFEPA, plaintiff has suffered lost wages and benefits as well emotional distress, loss of enjoyment of life and harm to reputation.

## COUNT TWO:

1-18. Paragraphs 1 through 18 are incorporated herein by reference and though more fully set forth herein.

19. Based on the foregoing, Ciena has discriminated against plaintiff in the terms and conditions of his employment on account of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et. seq.* ("the ADEA") when Ciena terminated plaintiff's employment.

20 Ciena acted willfully and with reckless indifference to plaintiff's right to be free of age discrimination.

21 As a result of Ciena's violation of the ADEA, plaintiff has suffered lost wages and benefits,

**WHEREFORE**, the plaintiff demands a trial by jury and judgment against defendants, jointly and severally, as follows:

1. Economic damages including, but not limited to: lost wages and benefits such as pension, stock, restricted stock and stock options, deferred compensation, bonuses, health and disability benefits with interest from the date said sums were due pursuant to Connecticut General Statutes § 46a-104 and 29 U.S.C. § 626(b);

2. Non-economic compensatory damages for emotional distress, harm to reputation, and loss of enjoyment of life and equitable relief pursuant to Connecticut General Statutes § 46a-104;

3. Attorneys' fees and costs of this action, including litigation costs and expert fees, pursuant to 29 U.S.C. § 216(b), and Connecticut General Statutes § 46a-104.;

4. Punitive damages pursuant Connecticut General Statutes § 46a-104;

5. Liquidated damages pursuant to 29 U.S.C. § 626(b);

6. Interest pursuant to Connecticut General Statutes § 37-3a; and

7. Such other further monetary or injunctive relief as this Court deems necessary and proper.

PLAINTIFF
JOHN SCHNEIDER

By: _____
Jacques J. Parenteau (ct09771)
Madsen Prestley & Parenteau, LLC
105 Huntington Street
New London, CT 06320
Tel: (860) 442-2466
Fax: (860) 447-9206
Email: jparenteau@mppjustice.com